**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRANK DELAHAYE,

    Plaintiff,

v.

ASBESTOS DEFENDANTS, et al.,

    Defendant.

No. C 09-05504 JSW

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Now before the Court is motion to remand filed by Plaintiff Frank Delahaye ("Plaintiff"). This matter is now fully briefed and ripe for decision. The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for January 29, 2010 is VACATED. Having considered the parties' papers, relevant legal authority, and good cause appearing, the Court hereby GRANTS Plaintiffs' motion to remand.

**BACKGROUND**

Plaintiff filed this case in San Francisco Superior Court against several defendants, including Metalclad Insulation Corporation ("Metalclad"), alleging that defendants' actions caused Plaintiff to be stricken with asbestosis and asbestos related pleural disease. Plaintiff brought claims for negligence, strict liability, false representation, loss of consortium, premises owner/contractor liability, unseaworthiness, and maintenance and cure, among others. (*See* Plaintiff's State Court Complaint, Ex. A to Declaration of Felicia Y. Feng in Support of Metalclad's Notice of Removal of Action.) Plaintiff alleges that Metalclad is liable because in

1 December 1968, Metalclad brokered a shipment of asbestos-containing Unibestos thermal
2 insulation from Pittsburg Corning for use in the nuclear reactor compartments of the USS
3 Drum, the USS Guitarro, the USS Hawkbill and the USS Pintado, four nuclear submarines.
4 Plaintiff worked as a machinist, nuclear inspector and tester on board these submarines and
5 alleges that he was exposed to asbestos fibers from this Unibestos shipment.

6 Metalclad filed a Notice of Removal with this Court on November 29, 2009, claiming
7 federal officer jurisdiction pursuant to 28 U.S.C. § 1442(a)(1). Plaintiff now moves to remand
8 this case back to San Francisco Superior Court.

## ANALYSIS

### A. Legal Standard on Motion to Remand.

Metalclad removed of this case pursuant to § 1442(a)(1), under which a state civil action may be removed to federal court by "any officer ... of the United States or of any agency thereof, sued in an official capacity for any act under color of such office." 28 U.S.C. § 1442(a)(1). A party seeking removal under § 1442(a)(1) must (1) demonstrate that it is a person within the meaning of the statute, (2) demonstrate that it acted under the direction of a federal officer, (3) raise a colorable federal defense to plaintiffs' claims, and (4) demonstrate a causal nexus between plaintiffs' claims and acts it performed under color of federal office. *Mesa v. California*, 489 U.S. 121, 124-25, 134-35 (1989); *Fung v. Abex Corp.*, 816 F. Supp. 569, 571-72 (N.D. Cal. 1992).

Generally, there is a strong presumption against removal jurisdiction and, as a result, removal statutes are to be strictly construed against removal and defendants have the burden of establishing that removal jurisdiction is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992). Federal officer removal, however, is an exception to this general rule. Because the federal government can act only through its officers and agents, it would be difficult to find those to act on its behalf if it did not guarantee its officers and agents access to a federal forum. *Durham* v. *Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006) (citing *Tennessee v. Davis*, 100 U.S. 257, 263 (1880)). Therefore, "when federal officers and their agents are

seeking a federal forum, we are to interpret section 1442 broadly in favor of removal." *Id*. at 1252.

### B. Removal Was Not Proper.

In order to obtain removal under § 1442(a)(1), Metalclad must (1) demonstrate that it is a person within the meaning of the statute, (2) demonstrate that it acted under the direction of a federal officer, (3) demonstrate a causal nexus between Plaintiffs' claims and acts it performed under color of federal office, and (4) raise a colorable federal defense to Plaintiffs' claims. *Mesa v. California*, 489 U.S. 121, 124-25, 134-35 (1989); *Fung v. Abex Corp.*, 816 F. Supp. 569, 571-72 (N.D. Cal. 1992).

Metalclad must show that it has a colorable federal defense. *See Mesa*, 489 U.S. at 128; *Fung*, 816 F. Supp. at 573. Pursuant to the *Durham* policy favoring removal for federal officers, a defendant does not need to show a valid or likely successful federal defense, but merely a colorable one. *Id.*; *Durham*, 445 F.3d at 1252. Recognizing that "one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court," the Supreme Court rejected a "narrow, grudging interpretation" of § 1442(a)(1), rejecting the notion that the officer must virtually "win his case before he can have it removed." *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999) (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)).

In this case, Metalclad invokes the military contractor defense, which shields military contractors from state tort law liability for defects in military equipment supplied to the United States when: "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Boyle v. United Tech. Corp.*, 487 U.S. 500, 512 (1988). Because the military contractor defense is an affirmative defense, Metalclad bears the burden of establishing it. *See Snell v. Bell Helicopter Textron, Inc.*, 107 F.3d 744, 746 (9th Cir. 1997).

*In re Hawaii Federal Asbestos Cases*, 960 F.2d 806, 806 (9th Cir. 1992), manufacturers of asbestos insulation sought to raise the miliary contractor defense as a barrier to liability from

3

1 personal injury claims. *Id.* at 808. The Ninth Circuit held that the military contractor defense
2 exists because:

> the military makes highly complex and sensitive decisions regarding the
> development of new equipment for military usage. Allowing the contractors
> who are hired to manufacture that equipment to be sued for the injuries caused
> by it would impinge unduly on the military's decision making process.

*Id.* at 811. However:

> [t]hese same concerns do not exist in respect to products readily available on
> the commercial market. The fact that the military may order such products
> does not make them "military equipment." The products have not been
> developed on the basis of involved judgements made by the military but in
> response to the broader needs and desires of end-users in the private sector.

*Id.* Therefore, "[w]here the goods ordered by the military are those readily available, in substantially similar form, to commercial users, the military contractor defense does not apply." *Id.* Based on the record before it, the court found that the asbestos insulation sold to the military did not constitute "military equipment" because the insulation was sold on the ordinary commercial market. *Id.* at 812.

Plaintiff argues that the Unibestos Metalclad brokered was available to the general commercial market and therefore was not military equipment designed with unique military applications in mind. In support of this argument, Plaintiff submits a copy of an advertisement for Unibestos. On this basis, Plaintiff claims that the Unibestos Metalclad brokered was not military equipment entitling Metalclad to the protections of the military contractor defense.

In response, Metalclad argues that the Navy participated in the original development of Unibestos, but does not provide any supporting evidence. The evidence Metalclad submits merely shows that in 1936, the Navy tested Unibestos to determine if it was suitable for covering pipes. (Declaration of Dan H. Heflin in Support of Metalclad's Notice of Removal, Ex. 8.) Metalclad also submits lists of materials approved by the military. At most, Metalclad demonstrates that the Unibestos was subject to testing by the United States Navy and that the Navy approved Unibestos as a material to be used. In fact, the witness Metalclad relies on to demonstrate that the Unibestos qualifies as "military equipment," Dan H. Helfin, Jr. ("Heflin"), testified that he does not know whether the Unibestos brokered to the military was altered,

4

manipulated or redesigned in any way. (Declaration of Richard M. Grant, Ex. A (Deposition of Dan H. Heflin, Jr.) at 40:12-17.) Heflin said that he did not know what physical differences there were, that he did not know what made it a special run of Unibestos, and that he did not know if was manufactured differently than any other Unibestos made by Pittsburgh Corning. (*Id*., Ex. A at 51:2-19.) He further testified that he has no knowledge regarding whether or not the exact kind of Unibestos brokered by Metalclad for use on the submarines was sold to the private sector. (*Id*., Ex. A at 40:19-41:18.) Moreover, Donald Trueblood, the person Metalclad offered at the deposition of the "person most knowledgeable," testified that he could not say that there were any changes in the formulation of the Unibestos that was used on the four submarines Plaintiff worked on, as opposed to the Unibestos available to the general public. (*Id*., Ex. B (Declaration of Metalclad's person most knowledgeable, Donald Trueblood) at 19:9-18.)

Metalclad's attempt to distinguish *In re Hawaii* based on Plaintiff's alleged failure to submit sufficient evidence of the commercial use of the Unibestos is unavailing. It is *Metalclad's* burden to demonstrate that it has a colorable federal defense. *See Snell v. Bell Helicopter Textron, Inc.*, 107 F.3d at 746 (defendant bears the burden of establishing military contractor defense).

The unpublished state court ruling on the record that Metalclad relies on to demonstrate that it has a colorable federal defense, *Cooper v. Asbestos Defendants*, San Francisco Superior Court Case No. CGC-08-274970, is not helpful. First, although the court found that Metalclad prevailed on this defense, the court did not provide a description of the facts on which it relied. Therefore, the Court cannot assess whether or not the state court made this determination based on evidence comparable to the evidence currently before this Court. Moreover, California courts have rejected the holding of *In re Hawaii* and instead, apply a more lenient standard to determine the applicability of the military contractor defense. *See Oxford v. Foster Wheeler LLC*, 177 Cal. App. 4th 700, 710 (2009) ("California courts have determined that commercial availability of a product is not dispositive with respect to the [military] contractor defense. ...

5

[T]his limitation is unduly confining."). Therefore, the Court finds that the transcript of the state court ruling in *Cooper* is not persuasive.

Metalclad's reliance on *Redman v. A.W. Chesterton Co.*, 2008 WL 5048205 (N.D. Cal. Nov. 25, 2008) is also misplaced. In *Redman*, the defendant submitted direct evidence demonstrating that the U.S. Navy had direct and detailed control over the defendant's ability to place asbestos warnings on their product. Therefore, the Court found *In re Hawaii* was inapposite. *Id*. at 2008 WL 5048205, *2. In contrast, here, Metalclad fails to submit any evidence indicating that the military had direct and detailed control over the design and manufacturing of Unibestos which precluded Pittsburg Corning or Metalclad from making any alterations, including placing warnings on the product.

The Court finds that Metalclad has not met its burden to demonstrate a colorable federal defense. Therefore, federal officer jurisdiction is not proper under § 1442(a)(1).

## CONCLUSION

For the foregoing reasons, the case is remanded to the Superior Court of California for the County of San Francisco. The Clerk shall transfer the file forthwith.

**IT IS SO ORDERED.**

Dated: January 25, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE